UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE CECIL ROBINSON,
    Petitioner,

vs.                                       Case No.: 3:20cv5588/MCR/EMT

MARK INCH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Lawrence Cecil Robinson (Robinson) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent (the State) filed an answer (ECF No. 11) and then an amended answer with relevant portions of the state court record (ECF No. 16). The court provided Robinson an opportunity to file a reply, and the court set a deadline for him to do so (*see* ECF No. 17). That deadline has passed with no response from Robinson.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C) and Fed. R. Civ. P. 72(b). After careful consideration of the parties' pleadings and the state court record, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is

further the opinion of the undersigned that Robinson is not entitled to federal habeas relief.

I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 16).[1]  Robinson was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2017-CF-367, with one count of sexual battery while in a position of familial or custodial authority, a first degree felony punishable by life in prison (*see* ECF No. 16-2 at 16).  The victim was Robinson's fifteen-year-old granddaughter.  On November 9, 2017, Robinson entered a negotiated plea agreement with the State pursuant to which Robinson agreed to plead guilty to lesser charges of one count of lewd or lascivious conduct (Count 1) and one count of battery of a child by throwing, tossing, projecting, or expelling certain fluids or materials (Count 2) (*see* ECF No. 16-2 at 18–19 (amended information); ECF No. 16-2 at 21–25 (negotiated plea agreement)).  The State and Robinson agreed he would be designated a sexual predator and sentenced to a total term of twelve years, to run concurrently with the sentence he was then serving (ECF

---

[1] Citations to the state court record and the parties' pleadings refer to the document numbers and page numbers assigned by the court's electronic filing system.

Case No.: 3:20cv5588/MCR/EMT

No. 16-2 at 21–25 (negotiated plea agreement)).[2]  The same day, November 9, 2017, the trial court accepted Robinson's guilty plea, adjudicated him guilty of both charges, and sentenced him in accordance with the plea agreement (ECF No. 16-2 at 37–45 (transcript of plea and sentencing hearing); ECF No. 16-1 at 3–10 (amended judgment and sentence)).  Robinson did not appeal the judgment.

On July 30, 2018, Robinson filed a motion for post-conviction relief in the state circuit court, under Rule 3.850 of the Florida Rules of Criminal Procedure (ECF No. 16-1 at 17–28 (Rule 3.850 motion)).  Robinson subsequently filed an amended Rule 3.850 motion, challenging his plea on two grounds of ineffective assistance of counsel (IAC) (ECF No. 16-1 at 135–49 (amended motion)).  Robinson argued his counsel was ineffective for failing to provide him with all of the State's discovery materials and failing to inform him of the results of the victim's medical examination and her mental health history (*id.*).  The circuit court summarily denied the amended Rule 3.850 motion in an order rendered on March 18, 2019 (ECF No. 16-2 at 9–14 (order)).

---

[2] As previously noted, Robinson's original offense carried a maximum sentence of life in prison. His sentencing scoresheet indicated a lowest permissible prison sentence of 17.6 years (211.2 months) (ECF No. 16-2 at 27–30).  The plea agreement thus provided him a downward departure sentence.

On April 9, 2019, Robinson filed a second Rule 3.850 motion in the state circuit court, asserting defense counsel misadvised him that he would be eligible for gain time in prison (ECF No. 16-2 at 47–56 (Rule 3.850 motion)). On May 13, 2019, the circuit court summarily dismissed the second Rule 3.850 motion as impermissibly successive (ECF No. 16-2 at 65–66 (order)). Robinson appealed the May 13, 2019 decision to the Florida First District Court of Appeal (First DCA), Case No. 1D19-2203 (ECF No. 16-2 at 92–95 (notice of appeal)). The First DCA affirmed the lower court's decision per curiam without written opinion on January 14, 2020 (ECF No. 16-2 at 101–02 (decision)). *Robinson v. State*, 288 So. 3d 6 (Fla. 1st DCA 2020). The mandate issued February 11, 2020 (ECF No. 16-2 at 104 (mandate)).

Robinson filed his federal habeas petition on June 22, 2020 (ECF No. 1).

II.    DISCUSSION

Robinson presents one claim in his § 2254 petition (ECF No. 1 at 7–10). He claims that his guilty plea was the product of ineffective assistance of counsel because defense counsel failed to provide him with all of the State's discovery materials (*id.*). Robinson admits that defense counsel showed him a video of the victim's forensic interview with a member of the Child Protection Team, and counsel provided him a copy of the victim's statement to law enforcement (*id.* at 8).

Robinson states that after he entered his plea, he obtained more discovery materials, which included evidence that the victim suffered from severe mental and emotional conditions, which Robinson claims would have tended to diminish her credibility (*id.* at 10). Robinson states he also received evidence that the victim received a medical examination sixteen days after Robinson allegedly had sexual intercourse with her, and the examination revealed that the victim suffered from a vaginal infection (*id.* at 10). Robinson asserts defense counsel could have had him (Robinson) tested to determine if he had the same infection (*id.*). Robinson contends if defense counsel had provided him with these discovery materials prior to his plea, he would have known that there was insufficient evidence to support a conviction, and proceeded to trial instead of entering a plea (*id.* at 8–10).

The State asserts an exhaustion defense (ECF No. 16 at 12–18). The State argues that exhaustion of an IATC claim in Florida requires that the claim not only be presented in a Rule 3.850 motion, but also that the denial of the claim be presented on appeal (*id.*). The State contends Robinson appealed the decision denying his **second** Rule 3.850 motion as successive, but he did not appeal the circuit court's decision denying his **first** Rule 3.850, which is the motion in which he presented his federal habeas claim (*id.* at 12–14). The State contends the time for appealing the

circuit court's decision has passed; therefore, Robinson's federal habeas claim is procedurally barred (*id.* at 12–18).

Before bringing a habeas action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction. 28 U.S.C. § 2254(b), (c). A failure to exhaust occurs "when a petitioner has not fairly presented every issue in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quotation marks and brackets omitted). "In Florida, exhaustion usually requires not only the filing of a [Fla. R. Crim. P.] 3.850 motion, but an appeal from its denial." *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979).

Here, the state court record confirms that Robinson presented his federal habeas claim in his **first** Rule 3.850 proceeding (ECF No. 16-1 at 135–49 (amended motion)). The circuit court denied the claim in an order rendered on March 18, 2019 (ECF No. 16-2 at 9–14 (order)). Robinson did not file a notice of appeal of that decision, and the period for him to timely do so expired on April 17, 2019 (thirty days after the order rendered).[3] *See* Fla. R. App. P. 9.110(b) (jurisdiction of appellate court must be invoked by filing a notice of appeal with the clerk of the lower tribunal

---

[3] Although Robinson filed a notice of appeal of the circuit court's decision in the **second** Rule 3.850 proceeding, that was not the proceeding in which he presented the IAC claim presented in his § 2254 petition, as previously noted.

Page 7 of 10

within 30 days of rendition of the order to be reviewed). Therefore, Robinson's federal habeas claim is procedurally barred.

To overcome a procedural bar, the petitioner must show cause for the procedural default and prejudice resulting therefrom, or that the federal court's failure to reach the merits of the claim would result in a fundamental miscarriage of justice. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308 (1991). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Robinson has not alleged cause for his procedural default.[4] And although he asserts he would not have entered a guilty plea if he had known about

---

[4] Indeed, as previously noted, Robinson did not respond to the State's exhaustion/procedural bar defense.

Case No.: 3:20cv5588/MCR/EMT

the victim's medical condition and mental health history, this evidence does not make a colorable showing of his **factual** innocence of the offenses of which he was convicted. Therefore, Robinson has not demonstrated he is entitled to a merits review of his federal habeas claim. Accordingly, the habeas petition should be denied.

III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). Robinson cannot make that showing with respect to the claim he asserts in the § 2254 petition. Therefore, the undersigned recommends that the district court deny a certificate of appealability as to those claims in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2, That a certificate of appealability be **DENIED**.

3. That the clerk of court be directed to enter judgment accordingly and close the case.

At Pensacola, Florida, this 15th day of July 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:20cv5588/MCR/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**